UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA L. RIBELIN COOK | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-01495 |
| | § | |
| HARRIS COUNTY; KIM OGG, HARRIS | § | |
| COUNTY DISTRICT ATTORNEY; JOHN | § | |
| BREWER; AND BRYAN VACLAVIK, | § | |
| | § | |
| DEFENDANTS. | § | JURY DEMANDED |

**PLAINTIFF TERESA COOK'S VERIFIED ORIGINAL COMPLAINT, REQUEST
FOR DECLARATORY JUDGMENT AND REQUEST FOR INJUNCTIVE RELIEF**

COMES NOW Plaintiff, Teresa L. Ribelin Cook ("**Plaintiff**"), complaining of Defendants Harris County; Kim Ogg, Harris County District Attorney; John Brewer; and Bryan Vaclavik (collectively, the "**Defendants**"), and for cause of action would respectfully show the Court as follows:

## PARTIES

1.     Plaintiff, Teresa Cook ("**Plaintiff**" or "**T. Cook**") was born in the State of Texas and is a United States citizen and presently resides in Houston, Harris County, Texas.

2.     Defendant Harris County is a political subdivision in the State of Texas and may be served by serving Lina Hidalgo, Harris County Judge at 1001 Preston, Suite 911, Houston, Texas 77002.

3.     Defendant Kim Ogg, Harris County District Attorney, ("**Ogg**") is named as a defendant as the District Attorney for Harris County, Texas for her acts under the "color" of the law and the "cloak" of her appointed office in the Harris County District Attorney's office, and may be served with process at 500 Jefferson St., Suite 600, Houston, Texas 77002.

20170275.20170275/3263989.1

4. Defendant John Brewer ("**Brewer**") is an Assistant Harris County District Attorney and is a defendant both in his capacity as an Assistant Harris County District Attorney and individually and may be served with process at 500 Jefferson St., Suite 600, Houston, Texas 77002.

5. Defendant Bryan Vaclavik ("**Vaclavik**") is an investigator employed by the Harris County District Attorney and is a defendant both in his capacity as an employee of the Harris County District Attorney and individually and may be served with process at 500 Jefferson St., Suite 600, Houston, Texas 77002.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a) consistent with the Fourth and Fifth Amendments of the U.S. Constitution and 42 U.S.C. §§1983 and 1988. Supplemental pendent jurisdiction exists pursuant to 28 U.S.C. §1367; *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (When a claim arises under the U.S. Constitution or the laws of the U.S. and state claims exist which arise from a common nucleus of operative facts, the District Court has pendent jurisdiction over the state claims). The state law claims are neither novel nor complex and they do not predominate the Constitutional claims asserted by T. Cook.

7. This action is filed on Plaintiff's behalf within the personal and subject matter jurisdiction of the United States District Court for the Southern District of Texas, and is within the jurisdiction of the Court on United States Constitutional grounds pursuant to 42 U.S.C. §1983 and §1988.

8. Venue is proper in the Southern District of Texas because the conduct complained of by T. Cook occurred in Harris County, Texas. The Plaintiff and Harris County, Ogg, Brewer, and

Vaclavik (collectively the "**Defendants**") each reside and/or work in Houston, Harris County, Texas which is in the Southern District of Texas.

## JURY DEMAND

9.      T. Cook demands the right to a jury trial.

## STATEMENT OF FACTS

10.      T. Cook engaged Jared Woodfill ("**Woodfill**") and his law firm, Woodfill Law Firm, P.C. (the "**Firm**") on or about July 2, 2013, to represent her in a divorce and child custody action pending in the 309th Judicial District Court of Harris County, Texas under Cause No. 2011-41445 (the "**Divorce**").  *See,* Affidavit of Teresa L. Ribelin Cook ("**Cook Aff'd**") attached hereto and incorporated herein as Exhibit A, ¶2.  The Divorce is ongoing.  *Id.*  T. Cook continues to retain Woodfill and the Firm as her divorce counsel in the Divorce.

11.      T. Cook, Woodfill and various members and employees of the Firm have exchanged communications and documents in the legitimate purposes of proceeding with a Divorce. *Id.,* ¶3.  T. Cook expected that her communications with her counsel (Woodfill) and the Firm's employees would remain private and confidential.  Exhibit A, ¶3.  T. Cook believed that the materials, theories, and strategies developed and created by Woodfill and the Firm would remain private and confidential until used in the Divorce.  *Id.*

12.      Harris County, acting by and through Ogg, Brewer and Vaclavik, improperly obtained a search warrant from the 178th Judicial District Court of Harris County, Texas allowing the Houston Police and the Harris County District Attorney to seize T. Cook's legal files.

13.      Upon information and belief, the seizure of T. Cook's legal files were based solely upon the Affidavit of Vaclavik (the "**Vaclavik Aff'd**").  Attached hereto as Exhibit "B" is what is believed to be a true and correct copy of the Vaclavik Aff'd submitted to the 178th District Court.  T.

Cook does not know nor does she vouch for the veracity of Vaclavik's statements in his Affidavit; however, what is clear from Bryan Vaclavik's Affidavit is that T. Cook is not the target of an investigation nor is T. Cook alleged to have engaged in any fraudulent or criminal conduct.  The Vaclavik Aff'd is based largely on statements made by others to Vaclavik and summarized by Vaclavik in his Affidavit.  No statement by T. Cook to Vaclavik is attributable to have been made by T. Cook in Vaclavik's Aff'd.  Vaclavik's Aff'd is based on hearsay and does not constitute proper evidentiary foundation for a search warrant authorizing the seizure of T. Cook's legal files.  Vaclavik states in his Affidavit that he has reviewed various items regarding T. Cook's arrangement with Woodfill and the Firm; however, none of that material was provided by T. Cook.  *See,* T. Cook Aff'd, ¶6.  Extra precautions should be undertaken by the Defendants when, as here, there is no fraud/crime exception to T. Cook's privileges.

14.      T. Cook has filed no complaints with the Texas State Bar or with the Harris County District Attorney or any other governmental or quasi-governmental entity regarding Woodfill's or the Firm's representation of her.  *See,* Exhibit A, ¶7.

15.      On November 12, 2018 at 9:03 a.m., Judge Johnson, the Judge of 178th District Court of Texas, based on Vaclavik's affidavit, executed and issued a search warrant (the "**Search Warrant**") commanding that any sheriff, peace officer or special investigator of Harris County, Texas to go "to the offices of Woodfill Law Firm, P.C.…for the purpose of searching for, seizing,…legal files, documents, records, books, ledgers and correspondence(s) containing the names of…Teresa L. Ribelin Cook."  *See,* Exhibit C attached hereto, believed to be a true and correct copy of the Search Warrant.

16.      On or about November 12, 2018, the Houston Police entered the offices of the Firm and took the legal files belonging to T. Cook; including but not limited to T. Cook's legal files,

correspondence, video tapes, electronic documents, her attorney's work product and other documents constituting T. Cook's communications with her counsel and preparatory work and documents gathered and created for the Firm's representation of T. Cook in the Divorce ("**T. Cook's Legal Files**").  T. Cook's Legal Files are the personal property of T. Cook.  In Texas, the client owns the entirety of the client file and the client is the one who controls the attorney/client and work product privileges.

17.     On November 12, 2018, Matthew Gray, allegedly a peace officer in Texas, seized various cases files and electronic data from the Firm's premises, including T. Cook's Legal Files.  Attached hereto as Exhibit D is what is believed to be a true and correct copy of Officer Gray's Return (the "**Return**").  The Return states repeatedly on its face that "Box of" or "Boxes of" "case files for Cook" were taken.  *See,* Exhibit D.  Officer Gray states that he turned over T. Cook's Legal Files and records to Ryan Finnegan at 3:25 p.m. on November 12, 2018.  Upon information and belief, Ryan Finnegan is employed by the Harris County District Attorney's office.  Upon information and belief, 127 boxes, electronic data and items of tangible evidence necessary for the Divorce were taken by or on behalf of the Defendants.

18.     Upon information and belief, someone with the Harris County District Attorney's office notified the Houston press (television, radio and news print) who showed up to watch the taking of T. Cook's Legal Files through the glass wall separating the Firm's office space from the building's communal hallway.  *See,* Exhibit A, ¶8.  Also attached hereto as Exhibit E are various media accounts.  Additionally, upon information and belief, the Defendants falsely advised the press that T. Cook had filed a complaint against Woodfill or the Firm.  The fact that the Houston Police had taken T. Cook's files was widely reported on television and in the Chronicle and on numerous websites, all to the embarrassment of T. Cook.  *See,* Exhibit E; T. Cook Aff'd, ¶8.

19.     Upon information and belief, Brewer and Vaclavik were present at the Firm's premises and oversaw on November 12, 2018 the seizure of T. Cook's Legal Files.

20.     Prior to retaining Woodfill and the Firm, T. Cook had another attorney representing her in the Divorce.  *Id.*  T. Cook Aff'd, ¶4.  Based on that experience, T. Cook understand that she controlled her legal files because when she previously changed counsel, she instructed the prior counsel to transfer the entire file to Woodfill and the Firm and he did so.  *Id.*

21.     T. Cook did not voluntarily provide any documents to Vaclavik.  T. Cook Aff'd, ¶6.

22.     T. Cook has not filed complaints against Woodfill or the Firm with the Texas State Bar, the Harris County District Attorney, or any other governmental or quasi-governmental agency. T. Cook Aff'd, ¶7.

23.     T. Cook saw news reports of her Legal Files being taken from the Firm's premises. T. Cook Aff'd, ¶8.  She also learned of this event from the local media as the seizure of her Legal Files from the Firm were broadcast on television and reported in various print media.  *Id.*, ¶10.  T. Cook's friends also saw that her Legal Files were taken from the Firm and she had to explain or attempt to explain the action of the Houston Police and the Harris County District Attorney to her friends.  *Id.*  This public seizure of her private papers was embarrassing to her.  *Id.*

24.     In November 2018, John Brewer, representing himself as an Assistant District Attorney for Harris County, Texas, subpoenaed T. Cook to testify regarding Woodfill and the Firm. T. Cook Aff'd, ¶9.  Brewer subsequently told T. Cook that she could meet with him to avoid appearing pursuant to the subpoena.  *Id.*

25.     T. Cook has been advised by John Brewer that the Harris County District Attorney's office has possession of her Legal Files taken from the Firm.  T. Cook Aff'd, ¶9.

26.     On January 18, 2019, T. Cook, together with Gary Polland (an attorney she hired for the purpose of meeting with John Brewer to get her Legal Files back) met with Brewer, Vaclavik, Terry Kuepkes and another person at the Harris County District Attorney's offices.   During that meeting, T. Cook and her counsel asked that Brewer return her Legal Files.  *Id.*, ¶11.  Brewer refused to return T. Cook's Legal Files to her unless and until she waived her privileges regarding those Legal Files.  *Id.*  She advised Brewer that she did not have a complaint against Woodfill or the Firm.  *Id.* She told Brewer that she was very pleased with the representation in the Divorce and had no interest in filing any complaint against Woodfill or the Firm.  Brewer offered to delay any prosecution of Woodfill or the Firm until the Divorce was concluded if T. Cook would waive her privileges.  *Id.* After the meeting, Brewer sent to Gary Polland, a written form of a proposed agreement to waive T. Cook's privileges.  *Id.*  A copy of that document is attached to T. Cook's Affidavit as Exhibit 1.  T. Cook refused to sign the proposed agreement and Brewer and the Harris County District Attorney have continued to retain the T. Cook Legal Files.  *Id.*

27.     On April 10, 2019, T. Cook's counsel, Michael Durrschmidt, sent a letter to the Harris County District Attorney, a true and correct copy of which is attached to T. Cook's Affidavit as Exhibit 2.  The Harris County District Attorney has refused and continues to refuse to return T. Cook's Legal Files to her.  *Id.,* ¶12.

28.     The Divorce has been lengthy and contentious.  *Id.*, ¶13.  The taking of the T. Cook Legal Files against T. Cook's wishes has deprived her of her right to access the divorce court and has placed her in a very precarious position because she cannot presently prosecute the Divorce or defend the Divorce.  *Id.*  Her life is being put on hold by the Harris County District Attorney's retention of the T. Cook Legal Files and the conduct of the Defendants is preventing T. Cook her right to access to the Court and locking her into a marriage she wants dissolved.  *Id.*

29.     Furthermore, T. Cook's minor son has certain disabilities.  *Id., ¶14.*  Part of the files taken from T. Cook have various medical records related to her son.  *Id.*  From time to time, T. Cook has needed to refer to her Legal Files for her son's treatment and cannot do so.  *Id.*  An issue in the divorce regards the welfare, education, care and custody of T. Cook's minor son.  *Id.*  Due to the retention of T. Cook's Legal Files by Harris County District Attorney, these issues in the Divorce cannot be addressed.  *Id.*

30.     T. Cook views her Legal Files as extremely private and she believes that she owns the Legal Files.  *Id.*, ¶15.  T. Cook is concerned that the T. Cook Legal Files are beyond her reach and being reviewed by people without her consent.  *Id.*  T. Cook has an attorney/client and an attorney work product privilege and she has steadfastly refused to waive those privileges.  *Id.*

31.     T. Cook has had to retain various lawyers to deal with the retention of her files by the Harris County District Attorney.  *Id.*, ¶16.

32.     Although requested on numerous occasions to return T. Cook's Legal Files, the Defendants have failed and refused to return T. Cook's Legal Files to her unless she a) relinquishes her constitutionally protected private personal property; b) relinquishes her U.S. Constitutional right to privacy; and c) waives her attorney client privilege and her work product privilege.

33.     The actions of the Defendants were specifically with the intent to deprive T. Cook of her right to privacy, to deprive her of her right to property, and her right to redress in the Courts of Texas guaranteed by the United States Constitution and the Constitution of the State of Texas and without any proper purpose regarding an investigation regarding the Firm's finances.

34.     T. Cook has suffered damages because the Divorce cannot proceed without T. Cook's Legal Files.  Further, T. Cook has been subject to unconstitutional harassment, coercion and extortion by the Defendants.

35.     Due to Defendants' actions and conduct, T. Cook has been injured and has had to engage counsel to meet with the Defendants and to institute and prosecute this action.  T. Cook demands reimbursement of her reasonable and necessary attorney's fees and costs pursuant to 42 U.S.C. §1988.

36.     Upon information and belief, Ogg, Brewer and Vaclavik each participated in the events leading up to the search and seizure of T. Cook's Legal Files.  Each of them neglected to prevent a search and seizure which they knew or should have known was in violation of T. Cook's constitutional rights and in violation of 42 U.S.C. §1983.  For example, due to the enhanced privacy interest underlying the attorney/client relationship and the need for heightened judicial protection and supervision when law offices are the subject of a search for client files, Congress passed the Privacy Protection Act.  42 U.S.C. §§2000aa – 11(a)(3).  The Defendants should have instituted such policies and procedures and implemented them before seizing T. Cook's Legal Files.

37.     In this case, the Defendants intentionally or grossly negligently ignored the consequences of their conduct and sought and obtained a Search Warrant which was overly broad and not based on the proper evidentiary foundation.  Instead of taking a limited approach to obtain financial records to inquire about how deposits were handled at the Firm, the Defendants went broadly for client files knowing they were seizing material that was privileged, subject to T. Cook's expectation of privacy and constitutionally protected personal property of T. Cook.  The Defendants have now compounded their problem by improperly retaining the T. Cook Legal Files for in excess of five (5) months, all without any legitimate or probable cause.

## LEGAL ARGUMENTS

38.     This cause of action is brought pursuant to 42 U.S.C. §1983 for violations of T. Cook's Fourth and Fifth Amendment rights under the United States Constitution and as an abuse of process under Texas law.

39.     The attorney/client relationship is contractual in nature and may be established either expressly or implied by from the conduct of the parties.  *Vinson & Elkins v. Moran,* 946 S.W.2d 381, 405 (Tex. App. – Houston [14th Dist.] 1997).  Here there is no question that Woodfill and the Firm are T. Cook's counsel.  Attached hereto as Exhibit F is the page of the Docket of the Divorce (Active Parties) reflecting Woodfill and the Firm as T. Cook's counsel.  T. Cook requests the Court take judicial notice of the Docket from the Divorce pursuant to Fed. R. Evid. 201.  It is undisputed that Woodfill and the Firm are T. Cook's counsel.  T. Cook so states in her affidavit; Vaclavik so states in his affidavit; the Search Warrant recognized the relationship; and the outward objective standard of Woodfill and the Firm appearing on behalf of T. Cook in the Divorce all conclusively establish that an attorney/client relationship exists between T. Cook, Woodfill and the Firm.  *See,* Exhibit A, B and C.  Based on Vaclavik's Aff'd, Ogg, Brewer and Vaclavik knew of T. Cook's attorney/client relationship with Woodfill and the Firm and nonetheless seized T. Cook's Legal Files.

40.     In Texas, the client owns the entire contents of an attorney's client file related to that client.  *In re George,* 28 S.W.3d 511, 516 (Tex. 2000); *In re McCann,* 422 S.W.3d 701, 704-5 (Tex. Crim. App. 2013) ("Today we reaffirm that a client owns the contents of his or her file."); *Resolution Trust Corp. v. H_ _ _ _, P.C.,* 128 F.R.D. 647, 648 (N.D. Tex. 1989).

41.     The attorney/client privilege is the "oldest of the privileges for confidential communications known to the common law."  *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981).  The attorney/client privilege "encourage[s] full and frank

communication between attorneys and their clients and thereby promote[s] broader public interests in the observance of law and administration of justice." *Id.* The attorney/client privilege belongs solely to the client. *In re Impounded Case (Law Firm),* 879 F.2d 1211, 1213 (3rd Cir. 1989).

## FIRST CLAIM – CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. §1983 AND THE U.S CONSTITUTION

42. Plaintiff realleges and incorporates the allegations of paragraphs 1 - 41 by reference, as though fully set forth here, each and every allegation set forth in the above.

43. Section 1983 of title 42 provides for a claim against any person who "under color of any statute, ordinance, regulations, custom, or usage, of any State" violates another's constitutional rights. 42 U.S.C. §1983. "To state a section 1983 claim, a Plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitney v. Hanna,* 726 F.3d 631, 638 (5th Cir., 2013) (citing *James v. Tex. Collin County.,* 535 F. 3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Ind. Sch. Dist.,* 233 F.3d 871, 874 (5th Cir. 2000)). The Defendants, acting in concert, conspired, facilitated, encouraged and instigated the wrongful seizure of T. Cook's personal property and violated her right to privacy without due process or just cause.

44. At the time of the Defendants' conduct, T. Cook was not engaged in any criminal or fraudulent activity to warrant the seizure of T. Cook's Legal Files from the Firm. *See,* Exhibit A, ¶5; Exhibit B; and Exhibit C. The seizure and continued retention of T. Cook's Legal Files by Defendants violated and violates T. Cook's Fourth and Fifth Amendment rights under the Constitution. The Fourth Amendment of the U.S. Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches of seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the person or things to be seized.

U.S. Const., amend. IV.   As is clear from Vaclavik's Aff'd, the issue being investigated was Woodfill's and the Firm's financial records regarding payment of fees.   There is no allegation or recitation of fact suggesting that T. Cook had engaged in fraudulent or criminal conduct with Woodfill or the Firm.  *See,* Exhibit B.   Accordingly, a seizure of T. Cook's Legal Files was never appropriate and the Search Warrant was overly broad.   The continued holding of the T. Cook Legal Files is wrongful and for a wrongful purpose namely to harass, coerce and extort T. Cook into waiving her privileges, and Constitutional right to privacy.

45.   T. Cook had an undisputed subjective expectation of privacy in her communications and case development with Woodfill and the Firm.  *DeMassa v. Nunez,* 770 F.2d 1505, 1506 (9th Cir. 1985) ("It is axiomatic that the attorney-client privilege confers upon the *client* an expectation of privacy in his or her confidential communications with the attorney."  Emphasis in original.)  Woodfill and the Firm are her legal counsel.   Secondly, society recognizes T. Cook's expectation of privacy in T. Cook's Legal Files as reasonable.  *Id.* (citing *Hudson v. Palmer,* 468 U.S. 517, 104 S. Ct. 3194, 3199, 82 L. Ed. 2d 393 (1984) (quoting *Kitz v. U.S.,* 389 U.S. 347, 361, 88 S. Ct. 507, 516, 19 L. Ed. 2d 576 (1967) (Harlan, J., concurring)); *New Jersey v. TLO,* 469 U.S. 325, 105 S. Ct. 733, 742, 83 L. Ed. 2d 720 (1985).

46.   T. Cook had and has an absolute ownership interest in the T. Cook Legal Files and a right to possession of same at any time.  *George,* 285 S.W.3d at 516; *McCann,* 422 S.W.3d at 704-5; *Resolution Trust,* 128 F.R.D. at 648.   The attorney is after all a fiduciary of the client and an agent of the client.  *McCann,* 422 S.W.3d at 705 n.8; *George,* 28 S.W.3d at 516; *Resolution Trust,* 128 F.R.D. at 648.   However, even if this were not the case the Supreme Court has held that neither ownership nor possession are a determinant of the legitimacy of one's expectation of privacy.  *Rawlings v.*

20170275.20170275/3263989.1

*Kentucky,* 448 U.S. 98, 105-06, 100 S. Ct. 2556, 2561-62, 65 L. Ed. 2d 633 1980); *U.S. v. Salvucci,* 448 U.S. 83, 91, 100 S. Ct. 2547, 2552, 65 L. Ed. 2d 619 1980).

47.     The Fifth Amendment of the U.S. Constitution states:

> …nor shall private property be taken for public use, without just compensation.

U.S. Const., amend. V.  The Defendants deprived T. Cook of her constitutionally protected property rights in the T. Cook Legal Files by seizing same from the Firm.  Texas law defines T. Cook's property interests for purposes of section 1983.  *Paul v. Davis,* 424 U.S. 693, 709, 96 S. Ct. 1155, 1164, 47 L. Ed. 405 (1976).  T. Cook's Legal Files are the type of property interest protected by the Fifth Amendment.  *American Pelagic Fishing Co., L.P. v. U.S.,* 379 F.3d 1363 (Fed. Cir. 2004) re'L en banc denied, cert. denied 125 S. Ct. 2963, 545 U.S. 1139, 162 L. Ed. 2d 887; *Villas of Lake Jackson, Ltd. v. Leon County,* 906 F. Supp. 1509, 1516-17 (N.D. Fla. 1995) aff'd 121 F.3d 610.

48.     In general, exhaustion of state remedies is not a prerequisite to an action under §1983. *Edwards v. Balisok,* 520 U.S. 641, 649, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  *Heck v. Humphrey,* 512 U.S. 477, 480, 114 S. Ct. 2364, 129 L. Ed. 383 (1994).

## SECOND CLAIM - DECLARATORY JUDGMENT TO DETERMINE TERESA COOK'S OWNERSHIP OF HER LEGAL FILES

49.     T. Cook incorporates the foregoing paragraphs 1 - 48 as if fully set forth herein.

50.     Pursuant to 28 U.S.C. § 2201, T. Cook seeks a declaratory judgment that a) she owns the T. Cook Legal Files seized from the Firm's offices; b) that she has a subjective and objective right of privacy in and to the T. Cook Legal Files; and c) that the T. Cook Legal Files are subject to T. Cook's privileges.  The availability of the other relief requested herein does not preclude a declaratory judgment.  Fed. R. Civ. P. 57.

51.     There is an actual and substantial controversy which entitles T. Cook to declaratory relief.  Harris County District Attorney has possession of T. Cook's Legal Files, but title to same remains with T. Cook; and T. Cook has not and does not waive her privileges, property right or rights to privacy with regards to such Legal Files.  T. Cook's Legal Files are not necessary for the Harris County District Attorney other than as a hostage to harass, coerce and extort T. Cook into waiving her privileges.

52.     For these reasons, T. Cook asks that this Court determine by declaratory judgment that T. Cook owns the T. Cook Legal Files and that the Harris County District Attorney's seizure and continued retention of same was and is wrongful, unjust and unconstitutional.

### THIRD CLAIM - REQUEST FOR INJUNCTIVE RELIEF

53.     T. Cook incorporates the foregoing paragraphs 1 – 52 as if fully set forth herein.

54.     Generally there are two types of injunctive relief: prohibitive and mandatory.  A prohibitive injunction forbids conduct, and a mandatory injunction requires it.  A mandatory injunction should be granted when necessary to prevent irreparable injury or extreme hardship where the circumstances justify it.

55.     T. Cook requests a temporary restraining order, a preliminary injunction and final injunction against the Defendants, enjoining them from (i) reviewing any of T. Cook's Legal Files, (ii) from sharing T. Cook's Legal Files with others, (iii) from copying or in any way duplicating any of T. Cook's Legal Files, (iv) making any alterations to T. Cook's Legal Files, (v) removing, destroying or losing any of T. Cook's Legal Files; and requiring the Defendants to immediately notify T. Cook of where her Legal Files have been and are presently stored and identify everyone who has had access to or who have reviewed T. Cook's Legal Files since November 12, 2018 to present, and immediately deliver to T. Cook, at Defendants' expense, the entire T. Cook Legal Files and all copies

or duplications (paper, electronic or otherwise) of the T. Cook Legal Files to T. Cook.  This relief is necessary to preserve and restore the status quo and protect T. Cook from irreparable harm until final disposition of this case on the merits.

56.     T. Cook is entitled to injunctive relief because the T. Cook Legal Files have been taken from her improperly and her access to the divorce court has been held hostage by the Defendants' conduct.  T. Cook has been harmed by the Harris County District Attorney's seizure and continued retention of the T. Cook Legal Files.  Further harm to T. Cook is imminent and irreparable because she cannot prosecute her Divorce without the T. Cook Legal Files and she is being forced to waive her privileges and right to privacy to reacquire the T. Cook Legal Files which is an improper form of harassment, coercion and extortion.  An award of monetary damages cannot undo any damage to T. Cook.  Thus, the harm to T. Cook is irreparable.  *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F2d 328, 338 (5th Cir. 1981); *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996).

57.     T. Cook has a substantial likelihood of success on the merits because the Defendants' conduct is reprehensible, improper, and unconstitutional.

58.     The balance of hardships in this case weighs in favor of granting injunctive relief to T. Cook.  The T. Cook Legal Files are T. Cook's personal property and are being deprived from her solely to harass, coerce and extort from T. Cook something she does not wish to surrender.

59.     Finally, granting injunctive relief to T. Cook in this case will not adversely affect public policy or the public interest.  In fact, restoring the T. Cook Legal Files will comply with public policy and the public interest.

60.     T. Cook is willing to post bond; however, since the injunctive relief requested requires the return of T. Cook's own property, the bond should be nominal.

61.     This injunctive relief is necessary to preserve and restore the status quo and protect T. Cook from irreparable harm until final disposition of this case on the merits.

### FOURTH CLAIM - ABUSE OF PROCESS

62.     T. Cook incorporates the foregoing paragraphs 1 - 61 as if fully set forth herein.

63.     Abuse of process exists when the plaintiff or plaintiff's agent is served with valid process; the defendant makes an illegal, improper or perverted use of the process after it is issued, the defendant had an ulterior motive or purpose in using the process and the plaintiff suffered injury as a result of the improper use. *Davis v. West,* 433 S.W.3d 101, 110 (Tex. App. – Houston [1st Dist.] 2014, pet. denied).

64.     The Defendants know that they are improperly retaining T. Cook's Legal Files against the wishes of T. Cook.  The Defendants know they should not have T. Cook's Legal Files, that they should not be reviewing them and that T. Cook has asserted her attorney/client and work product privileges.  This knowledge is apparent from the Defendants' communication to T. Cook at the January 18, 2019 meeting and the transmittal of the waiver form.  Further, T. Cook has repeatedly asked for the return of the T. Cook Legal Files.

65.     The Defendants know that the T. Cook Legal Files taken from the Firm on November 12, 2018 are T. Cook's personal property.

66.     The Defendants know that T. Cook had a reasonable expectation of privacy because the Defendants are all long time employees of the Harris County District Attorney's office and at least Ogg and Brewer hold Texas Law Licenses.

67.     Ogg and Brewer are Texas licensed attorneys.  *See,* Exhibits G and H, being print outs of pages from the Texas State Bar.  T. Cook asks the Court take judicial notice of these pages.  Fed. R. Evid. 201(b); *Hawk Aircargo, Inc. v. Chao,* 418 F.3d 453, 457 (5th Cir. 2005); *Coleman v. Dretke,*

409 F.3d 665, 667 (5th Cir. 2005). The Defendants know or should know that T. Cook's Legal Files are her private property, that because the legal files involve an ongoing legal matter that T. Cook has a reasonable expectation of privacy, and that she is entitled to assert privileges of attorney/client and work product. The Defendants further know that T. Cook has demanded the return of her legal files and repeatedly refused to waive her privileges.

68.     The Defendants are improperly retaining T. Cook's Legal Files for the improper, malicious and perverse purpose of blackmailing and extorting T. Cook into waiving constitutional property rights, her constitutional right to privacy and her evidentiary privileges.

69.     The Defendants' malicious and deliberate misuse of the Search Warrant issued by Judge Johnson on November 12, 2018 to continue to retain T. Cook's personal and confidential legal files for the purpose of compelling T. Cook to give up her legal and constitutional rights is wrongful and an affront to the U.S. Constitution and the Texas Constitution. The Defendants' conduct is precisely the type of conduct engaged in by King George III in the 1760's and 70's which lead to the creation of this great nation and the ratification of the U.S. Constitution.

70.     The Defendants are attempting to use T. Cook and her private personal property as pawns so they may further their investigation of Mr. Woodfill and the Firm. In short, the Defendants are coercing and extorting T. Cook by depriving her of her property and privacy to seek a collateral advantage in their investigation of Mr. Woodfill and the Firm.

71.     The Defendants' malice is apparent from their extended retention of T. Cook's Legal Files, their continuing demands that she waive her privileges and their refusal to return the T. Cook Legal Files to T. Cook without her waiving her constitutional and property rights and evidentiary privileges.

72.     The Defendants, in retaining T. Cook's Legal Files, are acting without justification and in an abusive, coercive and unconstitutional matter while acting under the pretense of their official capacity.

73.     The Defendants are not acting during a judicial proceeding, but during an investigation.  The T. Cook Legal Files are totally unnecessary for the Defendants' investigation.

74.     The Defendants' conduct is unjust and a violation of the Texas State Bar's ethical rules.  An individual citizen of the State of Texas acting in this manner would in all likelihood be subject to an investigation by the Harris County District Attorney's office.

## FIFTH CLAIM - CONVERSION

75.     T. Cook incorporates paragraphs 1 – 74 herein as if fully set forth herein.

76.     T. Cook owns and has the right to immediate possession of the T. Cook Legal Files.  The T. Cook Legal Files are personal property of T. Cook.  The Defendants are wrongfully exercising dominion and control over T. Cook's Legal Files and T. Cook has been injured by the Defendants' conduct.  *Green Int'l v. Solis,* 951 S.W.2d 384, 391 (Tex. 1997).

77.     T. Cook has repeatedly demanded the return of the T. Cook Legal Files and the Defendants have refused to restore to T. Cook her personal and confidential property.

## SIXTH CLAIM – INVASION OF PRIVACY (INTRUSION OF SECLUSION)

78.     T. Cook incorporates paragraphs 1 – 77 herein as if fully set forth herein.

79.     The Defendants have intentionally intruded into and upon T. Cook's private and personal affairs.  The Defendants' intrusion has been and continues to be highly offensive and unconstitutional.  Any reasonable U.S. citizen would find the Defendants' conduct to be highly offensive.  T. Cook has suffered injury due to the Defendants' conduct.  *Valenzuela v. Aquino,* 853 S.W.3d 512, 513 (Tex. 1993).

80.    The Defendants' invasion of property in this case entitles T. Cook to mental anguish and equitable relief.  *Motor Express, Inc. v. Rodriguez,* 925 F.2d 638, 639 (Tex. 1996); *Donnel v. Lara,* 703 S.W.2d 257, 258-59 (Tex. App. – San Antonio 1985, writ ref'd n.r.e.).

### SEVENTH CLAIM – RESPONDENT SUPERIOR

81.    T. Cook incorporates paragraphs 1 – 80 herein as if fully set forth herein.

82.    T. Cook has been injured by the Constitutional torts and Texas state law torts described above.  Ogg, Brewer and Vaclavik were employed by Harris County, the Harris County District Attorney and various subdivisions of Harris County (including the Harris County District Attorney's office).  The torts complained of by T. Cook were committed by Ogg, Brewer and Vaclavik while they were allegedly acting within the scope of their employment.  Their conduct in obtaining the search warrant and seizing T. Cook's Legal Files was under their general authority and in furtherance of the activities of Harris County and the Harris County District Attorney, and was in an effort to accomplish an objective for which those employees were hired or elected to do.  *DeWitt v. Harris Cty.,* 904 S.W.2d 650, 654 (Tex. 1995).

### EIGHTH CLAIM - EXEMPLARY DAMAGES

83.    T. Cook incorporates paragraphs 1 – 82 herein as if fully set forth herein.

84.    T. Cook is entitled to exemplary damages.  *Keller v. Davis,* 674 S.W.2d 355, 357-58 (Tex. App. – Houston [14th Dist.] 1985, writ ref'd n.r.e.) (exemplary damages recoverable for abuse of process); *Green,* 951 S.W.2d at 391 (exemplary damages recoverable for conversion).  Due to the Defendants' outrageous, malicious conduct and to deter such conduct from occurring in the future, the Court should award T. Cook exemplary damages.  *Owens Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 40 (Tex. 1998).

## NINTH CLAIM - ATTORNEY'S FEES

85.     T. Cook incorporates paragraphs 1 – 84 as if fully set forth herein.

86.     T. Cook is entitled to a recovery of attorney's fees under 42 U.S.C. §1983 and 1988 because she will be adjudged the prevailing party in this lawsuit. *Hewitt v. Helms,* 482 U.S. 755, 759, 107 S. Ct. 2672, 96 L. Ed. 2d 654 (1987); *Williams v. Thomas,* 692 F.2d 1032, 1036 (5th Cir. 1982). T. Cook will be the prevailing party because this Court will compel the Harris County District Attorney to return T. Cook's Legal Files to her and grant her injunctive relief. *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980).

87.     T. Cook will also be the prevailing party under the "catalyst doctrine" because the legal relationship between T. Cook and the Harris County District Attorney will be altered and the Harris County District Attorney will be required to return her Legal Files to her, thus modifying their behavior. *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992); *Maher v. Gagne,* 448 U.S. 122, 129, 100 S. Ct. 2570, 65 L. Ed. 2d 653 (1980).

WHEREFORE PREMISES CONSIDERED, Teresa L. Ribelin Cook prays that the Court:

a)  declare that the T. Cook Legal Files are owned by T. Cook;

b)  declare that T. Cook has a subjective and objective constitutional right of privacy in and to the T. Cook Legal Files;

c)  declare that the T. Cook's Legal Files are privileged and protected from disclosure by her attorney/client privilege and work product privilege;

d)  enter that a temporary restraining order enjoining the Defendants from (i) reviewing any of T. Cook's Legal Files, (ii) from sharing T. Cook's Legal Files with others, (iii) from copying or in any way duplicating any of T. Cook's Legal Files, (iv) making any alterations to T. Cook's Legal Files, (v) removing, destroying or losing any of T. Cook's

Legal Files; and requiring the Defendants to immediately notify T. Cook of where her Legal Files have been and are presently stored and identify everyone who has had access to or have reviewed her Legal Files, and immediately deliver to T. Cook, at Defendants' expense, the entire T. Cook Legal Files and all copies or duplications to her;

e)  hold a hearing as promptly as possible for the Court to enter a temporary injunction and permanent injunction carrying forward the provisions of the TRO;

f)  find that the Defendants have violated T. Cook's Fourth and Fifth Amendment rights under the U.S. Constitution and under the Texas Constitution and pursuant to 42 U.S.C. §1983;

g)  enter a money judgment, jointly and severally, against the Defendants for the Constitutional torts in favor of T. Cook in an amount to be determined, but not less than $250,000.00;

h)  find that the Defendants, jointly and severally, have abused the process by taking and retaining T. Cook's Legal Files and enter damages in an amount to be determined, but not less than $250,000.00;

i)  find that the Defendants, jointly and severally, have converted T. Cook's Legal Files and have wrongly exercised dominion and control over T. Cook's Legal Files;

j)  find that the Defendants have intentionally intruded upon T. Cook's privacy and that T. Cook is entitled to damages for mental anguish;

k)  find that Harris County and Harris County Attorney General are liable to T. Cook for all the above damages pursuant to respondent superior;

l)  find that the Defendants acted intentionally and that the Defendants' intentional constitutional torts, abuse of process, conversion and invasion of privacy entitle T. Cook

to exemplary damages against each Defendant of an appropriate amount to deter future

conduct; and

m) grant such other and further relief as in just.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By:  /s/ Michael J. Durrschmidt

Michael J. Durrschmidt
State Bar No. 06287650
Victoria Argeroplos
State Bar No. 24105799
1415 Louisiana St, 36th Floor
Houston, Texas 77002
Telephone:  (713) 223-5181
Telecopier:  (713) 223-9319
Email: mdurrschmidt@hirschwest.com
Email: vargeroplos@hirschwest.com

**ATTORNEYS FOR PLAINTIFF**
**TERESA L. RIBELIN COOK**