# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA L. RIBELIN COOK | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| KIM OGG, HARRIS COUNTY | § | |
| DISTRICT ATTORNEY, JOHN | § | |
| BREWER AND BRYAN VACLAVIK, | § | |
| | § | |
| DEFENDANTS. | § | JURY DEMAND |

## AFFIDAVIT OF TERESA L. RIBELIN COOK

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Teresa L. Ribelin

Cook ("Affiant"), a person whose identity is known to me. Affiant, after having administered an

oath to Affiant, testifies as follows:

1. "My name is Teresa L. Ribelin Cook. I am over eighteen (18) years of age, of sound mind, and capable of making this Affidavit. The facts set forth herein are within my personal knowledge and are true and correct.

2. On or about July 2, 2013, I hired Jared Woodfill ("**Woodfill**") and his law firm, the Woodfill Law Firm, P.C. (the "**Firm**") to represent me in a divorce action which was then pending (and is ongoing) in the 309th Judicial District Court of Harris County, Texas under Cause No. 2011-41445 (the "**Divorce**").

3. I believed that all of the communications, whether written or oral, that I had with Woodfill and the Firm would remain confidential and private. I also believed that materials, theories, and strategies created in conjunction with myself, Woodfill and the Firm regarding the Divorce would remain private and confidential until used in the Divorce.

4. Prior to retaining Woodfill and the Firm, I had another attorney representing me in the Divorce. Based on that experience, I understand that I controlled my legal files because when I had previously changed counsel, I instructed

the prior counsel to transfer the entire file to Woodfill and the Firm and he did so.

5.   I have no knowledge of any investigation of my activities or conduct subject to an investigation by the Harris County District Attorney's office, the Houston Police Department or a grand jury investigation.

6.   I have not voluntarily provided any documents to Bryan Vaclavik, an investigator for and in the employ of the Harris County District Attorney's office.

7.   I have filed no complaints against Woodfill or the Firm with the Texas State Bar, the Harris County District Attorney, or any other governmental or quasi-governmental agency.

8.   I saw news reports of my legal files being taken from the Firm's premises. My friends also saw that my legal files were taken from the Firm and I had to explain or attempt to explain the action of the Houston Police and the Harris County District Attorney to my friends. This public seizure of my private papers was embarrassing for me.

9.   In November 2018, John Brewer, representing himself as an Assistant District Attorney for Harris County, Texas, subpoenaed me to testify regarding Woodfill and the Firm. Brewer subsequently said that alternatively I could meet with him to avoid appearing pursuant to the subpoena.

10.   I have been advised by John Brewer that the Harris County District Attorney's office has possession of my legal files taken from the Firm. I also learned of this event from the local media as the seizure of my legal files from the Firm were broadcast on television and reported in various print media.

11.   On January 18, 2019, I, together with Gary Polland (an attorney I hired for the purpose of meeting with John Brewer to get my legal files back) met with John Brewer, Bryan Vaclavik (who I understand to be an investigator employed by the Harris County District Attorney's office), Terry Kuepkes and another person at the Harris County District Attorney's offices. During that meeting, I and my counsel asked John Brewer for my legal files to be returned to me. John Brewer refused to return my legal files to me unless and until I waived my privileges regarding those legal files. I told John Brewer that I did not have a complaint against Woodfill or the Firm. I told John Brewer that I was very pleased with the representation in my Divorce and had no interest in filing any complaint against Woodfill or the Firm. John Brewer then offered to delay any prosecution of Woodfill or the Firm until my Divorce was concluded if I would waive my privileges. After the meeting, John Brewer sent to Gary Polland, a written form of a proposed agreement to waive my privileges. A copy of that document is attached

hereto as Exhibit 1.  I refused to sign the proposed agreement and John Brewer and the Harris County District Attorney have continued to retain my legal files.

12.   On April 10, 2019, I had my counsel Michael Durrschmidt send a letter to the Harris County District Attorney, a true and correct copy of which is attached hereto as Exhibit 2.  Again the Harris County District Attorney has refused to return my legal files.

13.   My Divorce has been lengthy and contentious.  The taking of my legal files against my wishes has deprived me of my right to access the divorce court and has placed me in a very precarious position because I cannot presently prosecute the Divorce or defend the Divorce.  My life is being put on hold by the Harris County District Attorney's retention of my legal files and their conduct is preventing me my right to access to the Court and locking me into a marriage I want dissolved.

14.   Furthermore, my minor son has certain disabilities.  Part of the files taken from me have various medical records related to my son.  From time to time, I have needed to refer to files for my son's treatment and cannot do so.  At issue is the divorce regards the welfare, education, care and custody of our minor son.  Due to the retention of my files by Harris County District Attorney, these issues cannot be addressed.

15.   I view my legal files as extremely private and I believe that I own the legal files.  I am concerned that the files are beyond my reach and being reviewed by people without my consent.  I understand that I have an attorney/client and an attorney work product privilege and I have steadfastly refused to waive those privileges.

16.   I have had to retain various lawyers to deal with the retention of my files by the Harris County District Attorney.

FURTHER AFFIANT SAYETH NOT."

TERESA L. RIBELIN COOK

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned notary public, on this 18 day of April , 2019.

NOTARY PUBLIC, STATE OF TEXAS

# EXHIBIT A-1

No. 17-22196

| | | |
|---|---|---|
| **IN MATTER OF** | § | **IN THE 185th** |
| **A GRAND JURY** | § | **DISTRICT COURT** |
| **INVESTIGATION** | § | **GRAND JURY** |

### <u>WAIVER OF ATTORNEY CLIENT PRIVILEGE</u>

COMES NOW, Teresa Ribelin Cook, and makes this WAIVER OF ATTORNEY CLIENT PRIVILEGE and would show the following:

I.

I am waiving any and all privileges that existed, or do exist, between myself and the Woodfill Law Firm, Jared Woodfill and any other attorneys who worked on my divorce case in conjunction with Jared Woodfill and/or the Woodfill Law Firm **regarding the documents seized from the Jared Woodfill Law Firm and in the possession of the Harris County District Attorney's Office**. I am also waiving any and all privileges that existed, or do exist, between myself and any employees, contractors, consultants or others associated with Jared Woodfill and/or the Woodfill Law Firm regarding those same documents and information contained within the documents. By waiving any privilege I may have in these documents I am authorizing the release of all information, documents, emails, communications, checks and other information related to my representation **to the Harris County District Attorney's Office** and any **Harris County Grand Jury** regarding the above referenced investigation for their use in the above referenced Grand Jury Investigation.

_____
**Teresa Ribelin Cook**

_____
**Gary Polland-Attorney**

# EXHIBIT A-2



**HIRSCH & WESTHEIMER**
*Attorneys and Counselors*

T. 713.220.9165
F. 713.223.9319
mdurrschmidt@hirschwest.com

April 10, 2019

*Via U.S. Regular Mail
and Hand Delivery*

Kim Ogg
Harris County District Attorney
500 Jefferson St., Suite 600
Houston, Texas 77002

*Via U.S. Regular Mail
and Hand Delivery*

John Brewer
Assistant District Attorney
500 Jefferson St., Suite 600
Houston, Texas 77002

     Re:   Teresa Cook

Dear Ms. Ogg and Mr. Brewer:

     Our Firm represents Teresa Cook.

     On or about November 12, 2018, your office seized Teresa Cook's personal files from the law offices of Jared Woodfill. The seizure of those files was wrongful and unconstitutional.

     First, your office obtained a court order to seize Ms. Cook's property without carrying your burden. Secondly, the property you took was Ms. Cook's personal property not the property of the Woodfill Law Firm or of Jared Woodfill. Third, you have violated Ms. Cook's United States and Texas Constitutional rights to privacy by inviting the press to view your unconstitutional seizure and by allowing various members of your office and Houston Police Department to view Ms. Cook's privileged communications with her counsel and her privileged legal files.

     There was no allegation in Mr. Vaclavik's affidavit that Ms. Cook is the subject of a criminal investigation. To the contrary, Mr. Vaclavik's affidavit suggests she may be a victim. The warrant that your office procured was overly broad and violated Ms. Cook's Fourth Amendment rights. Your office and Mr. Brewer have further violated Ms. Cook's Fifth Amendment rights by depriving her of her property rights and by effectively preventing her access to the Texas Courts. Requiring Ms. Cook to waive her attorney client privilege as a basis for the return of her property demonstrates that your office and Mr. Brewer knew that continued retention of Ms. Cook's legal files was wrongful, coercive and in

Kim Ogg
April 10, 2019
Page 2

violation of Ms. Cook's civil rights.   Furthermore, it is apparent that the attorneys in your office have violated their ethical duties.

Demand is hereby made for the immediate return of Ms. Cook's legal files (including, but not limited to, all paper files, electronic files, tapes, videos and other material constituting Ms. Cook's legal files).  Further, Ms. Cook demands that your office immediately reimburse her attorney's fees incurred to date in the amount of $20,000.00.  Lastly, Ms. Cook demands that you provide a sworn statement identifying each and every person that has had access to or has viewed any of her legal files.  This demand includes each person in attendance during the November 12, 2018 seizure.

Failure to meet these demands will result in litigation being instituted against your office and potentially against the individuals associated with your office in their individual capacities, who were involved in the above described unconstitutional conduct.  That unconstitutional conduct a) was the abuse of process, in obtaining the warrant; b) the improper seizure of Ms. Cook's legal files; c) the ongoing unlawful retention of Ms. Cook's legal files; and d) your office's and persons associated with your office's unlawful demands made upon Ms. Cook before the return of her property.

Should you have any questions, please do not hesitate to call me.

Sincerely,

HIRSCH & WESTHEIMER, P.C.

By
Michael J. Durrschmidt

cc:   Teresa Cook                                                                *Via email*

# EXHIBIT B

THE STATE OF TEXAS          §

                                                        AFFIDAVIT/COMPLAINT

COUNTY OF HARRIS           §

### AFFIDAVIT FOR SEARCH WARRANT

Affiant is Bryan Vaclavik, a Certified Fraud Examiner, is currently the Chief Fraud Examiner, employed by the Harris County District Attorney's Office. Affiant is assigned to the Financial Crimes Division of the Special Crimes Bureau. Affiant has been employed as a Fraud Examiner for approximately 25 years; has investigated over two hundred criminal cases involving theft, misapplication of fiduciary property, forgery, money laundering, false statement to obtain property or credit, or engaging in organized criminal activity. Affiant has further testified as an expert witness in over 50 financial related criminal cases in state court.

Affiant has reason to believe and does believe the offices of the Woodfill Law Firm, P.C., are located at Three Riverway, Suite 750, Houston, Harris County, Texas 77056, more particularly described as a 20-story masonry and glass structure with a sign "Three Riverway" affixed to the building. Suite 750 is on the seventh floor having a name plate on the outside wall next to the glass doors identified as the offices of Woodfill Law Firm.

Based on his experience and his investigation in this case, Affiant has reason to believe and does believe that within the Woodfill Law Firm, P.C. offices there is property constituting evidence used to commit the felony offenses of misapplication of fiduciary property, theft and money laundering as well as property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense. Affiant requests the Court's permission to search the above described location, to seize, and to search within when necessary, for implements, instruments, property and evidence alleged in this affidavit include but are not limited to the following items which:

1. Any and all financial, legal files, documents, records, books, ledgers and correspondence(s) containing the names of Amy Holsworth Castillo and Teresa L. Ribelin Cook;
2. Any and all documents and records pertaining to the transfer of currency via financial instruments, automatic clearing house (ACH) or wires of United States or foreign currency, funds for the above individuals identified in Item 1;
3. Any and all the computer hardware, software, and peripherals that are believed to potentially contain some or all of the items described in this warrant; computers, central processing units, computer disks, disk drives,

monitors, computer printers, modems, digital cameras, any memory devices that work with a digital camera, scanners, computer photographs, and any electronic data storage device, including but not limited to flash memory devices, and other storage media; any input/output peripheral devices, including but not limited to data security devices and related documentation; any and all cellphones, telephones, communication devices that are capable of storing pictures, video, text, caller identification devices and telephone recording equipment, **including the stored data of such devices** *for the purpose of conducting an on-site or off-site search of these computer materials by any qualified forensic facility for imaging and analysis by experts and to retain all such computer materials within the forensic facility;* and

4. Any logins and passwords for computers, software, file sharing access, telephones, communication devices owned by Jared Ryker Woodfill V and or the Woodfill Law Firm, P.C.

## MY BELIEF IS BASED UPON THE FOLLOWING FACTS:

Affiant is Bryan Vaclavik, a Certified Fraud Examiner, is currently the Chief Fraud Examiner, employed by the Harris County District Attorney's Office. Affiant is assigned to the Financial Crimes Division of the Special Crimes Bureau. Affiant has been employed as a Fraud Examiner for approximately 25 years; has investigated over two hundred criminal cases involving theft, misapplication of fiduciary property, forgery, money laundering, false statement to obtain property or credit, or engaging in organized criminal activity. Affiant has further testified as an expert witness in over 50 financial related criminal cases in state court.

Affiant believes based on his investigation in this case that Jared Ryker Woodfill V engaged in the commission of Felony Misapplication of Fiduciary Property, Felony Theft and Felony Money Laundering and that evidence of such is located at the Woodfill Law Firm, P.C., Three Riverway, Suite 750, Houston, Harris County, Texas 77056.

In February of 2017 an investigator for the Harris County District Attorney's Office talked to Amy Holsworth (Castillo), hereafter called Complainant, a former client of Jared Woodfill V, hereafter Woodfill. She alleged that Woodfill had illegally misapplied funds from her divorce. The Complainant alleged Woodfill misapplied funds by applying funds he had not yet earned and by applying funds for the benefit of third parties for services that were not rendered on her behalf, but on the behalf of other clients. Affiant began to investigate the allegation.

Affiant's reviewed public records which indicate that Jared Ryker Woodfill V is a licensed attorney in the State of Texas representing clients with family related litigation.

Affiant spoke to Holsworth (Castillo), hereafter called Complainant. Complainant told Affiant that she filed for divorce from her husband of 19 years, Juan Castillo, in 2012. Complainant said she changed attorneys during the divorce, hiring Jared Woodfill V in December 2013. She said that during the divorce Mr. Castillo entered in to bankruptcy.

Affiant spoke to Juan Castillo as part of the investigation. Affiant learned from Mr. Castillo that part of the reason he filed for bankruptcy was to protect his assets from the large purported legal fees he was having to pay out of the marital estate on behalf of the Complainant to Woodfill.

Affiant reviewed public records, court orders, transcripts, finding and other documents from the bankruptcy proceedings. From these documents and speaking to Mr. Castillo and the Complainant, Affiant learned that there was a bankruptcy hearing in which significant attention was given to claims for payment by Woodfill and the resulting payments made to Woodfill for his representation, from the marital estate by Mr. Castillo. Affiant noted from the court documents that particular attention was paid to a $225,000 payment made to Woodfill for his representation of Complainant in her divorce case. Affiant learned from bankruptcy documents and speaking to Ronald Sommers, the Federal Bankruptcy Trustee that Woodfill was forced to return the $225,000 to the bankruptcy estate but in the end negotiated the return of a lessor amount.

Based, in part, on the above events Affiant obtained and reviewed the Woodfill Law Firm, PC IOLTA bank account records from the Bank of River Oaks. The bank records showed an account which is controlled solely by Mr. Woodfill, his name being the only name on the account. The records showed that the $225,000.00 payment to Woodfill for services as described above was deposited into his IOLTA account on or about September 8, 2014 leaving the IOLTA account balance at $236,807.07. In reviewing the account activity after the deposit Affiant found the following:

- The $225,000 was commingled with other client funds deposited into the IOLTA;
- From September 8th through September 30th approximately $77,231.16 in third-party payments not associated with the Castillo matter were made. All but one of the payments indicated the payments were made for other cases showing "Holdback release" and "Avandia settlement" notations on the checks.
- Transfers to Woodfill's operating account totaled $181,500.00 during the period September 8th through September 30th.
- The September 30, 2014 ending balance was $78,570.80; $66,763.73 more than the ending balance ($11,807.07) on September 5, 2014 after $226,500.00 in Castillo related and $109,004.89 in third-party related deposits.
- The records through October 2014 identifies one known payment made on behalf of the Complainant for $6,500.00 on October 7th. The check was payable to The Andresen Firm, PLLC for RE: Amy Castillo.
- At the end of October 2014 the IOLTA account only had a balance of $10,298.48, essentially having used the entire $225,000 payment made on behalf of Castillo.

Affiant spoke to Complainant about what the bank records showed and she said at no time did she know or authorize either funds to any third party not associated with her litigation or to another Woodfill Law Firm account for unearned legal fees or expenditures.

During the course of Affiant's investigation and review of Mr. Woodfill's Bank of River Oaks' IOLTA account another client's funds appeared to be used contrary to a signed attorney-client agreement. Affiant reviewed a "divorce agreement" date June 6, 2013 showing that Ms. Teresa Louise Ribelin Cook hired Woodfill, Woodfill Law Firm, P.C. to represent her in a divorce. The agreement outlined how Woodfill, Woodfill Law Firm, P.C. would be compensated for work done and expenses incurred. The agreement called for an initial retainer, $75,000.00, to be paid by Ms. Ribelin Cook. Affiant reviewed bank documents indicating the $75,000.00 retainer, paid by check, was deposited into Woodfill's IOLTA account on June 13, 2013.

Affiant reviewed the IOLTA account and discovered it was overdrawn and had a negative balance of ($49,679.18) on June 12, 2013, the day before the $75,000.00 Ribelin Cook check was deposited. Based on Affiant's training, experience and review of Woodfill's bank records, Ms. Ribelin Cook's funds were used to offset the $49,679.18 negative balance and used to cover a check payable to a third party not related to Ms. Ribelin Cook's representation and litigation. Further, Affiant reviewed Mr. Woodfill's, Woodfill Law Firm, P.C.'s billing invoice to Ms. Ribelin Cook for the period June 6, 2013 through June 12, 2013 the day before the Ribelin Cook check was deposited. Per the billing invoice, Mr. Woodfill, Woodfill Law Firm, P.C. only earned and expended $1,313.29 of the Ribelin Cook retainer. However, the IOLTA account's ending balance on June 13, 2016 was only $25,320.82 indicating Woodfill had used more than $45,000 of Ribelin Cook's retainer for purposes not related to her case.

On or about September 26, 2018, October 8, 2018 and October 9, 2018 Affiant spoke with Kenneth Kennedy who was the Controller for Woodfill and the Woodfill Law Firm, P.C. Kennedy said he had worked for Woodfill for approximate 15 years keeping the books for the firm. Kennedy advised Affiant that Woodfill directed him daily regarding the deposits and disbursements from all banking accounts for Woodfill personally and the Woodfill Law Firm, P.C. Kennedy advised Affiant Woodfill would require him to transfer funds from the IOLTA account which had not been earned by Mr. Woodfill or Woodfill Law Firm, P.C. on numerous occasions. Kennedy said that Woodfill uses his IOLTA account as if it was his personal bank account and described how Woodfill "robbed Peter to pay Paul" using the funds from the IOLTA account. Kennedy also said that sometimes Woodfill would have him transfer funds from the firms OPERATING account into the IOLTA account, something that Affiant saw several times in the bank records.

Kennedy told Affiant that Woodfill, Woodfill Law Firm, P.C. preserves the financial documents, general ledgers, financial statements on a desk top computer located at the offices of Woodfill Law Firm at Three Riverway, Suite 750, Houston, Harris County, Texas 77056. He also said the firm's client files are saved and preserved on a file hosting business called Dropbox Inc.; to which the Woodfill Law Firm, P.C. subscribes. Additionally, Mr. Kennedy advised Affiant there is an external hard drive within the offices of Woodfill Law Firm, P.C. which contains both the Castillo and Cook

client files.  Complainant told Affiant that she has tried several times to get her case file from Woodfill but has been unsuccessful.

Kennedy advised Affiant he has periodically provided temporary personal loans to Woodfill and the Woodfill Law Firm, P.C. during his employment.  He said these loans were used to assist Woodfill and the Woodfill Law Firm, P.C. in meeting both personal and firm financial obligations.

Affiant spoke with Shannon Sauceda, Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel for the State Bar of Texas (SBOT).  Sauceda has been employed by SBOT for the last 13 years.  She oversees the investigation of attorneys who have been accused of violating SBOT rules and procedures.  Affiant showed Sauceda several summaries of source documents related to the representation of Complainant and Teresa Ribelin Cook by Woodfill and the Woodfill Law Firm, P.C. Based on these summaries, Sauceda said she believes Woodfill has a fiduciary responsibility to his clients.  She further stated, based on the summaries, funds deposited into Woodfill's IOLTA account were misapplied thus causing misapplication of fiduciary property and that the Complainant's and Cook's funds were put at great risk of loss. Sauceda also said that if an attorney transfers funds from an IOLTA account for attorney's fees not yet earned, she believes this would constitute theft.

Affiant believes based on his experience and training the money obtain in this scheme was obtained in violation of Texas Penal Code Section 32.45 Misapplication of Fiduciary Property with a value of $100,000.00 or more but less than $200,000.00; Texas Penal Code Section 31.03 Felony Theft with a value of $100,000.00 or more but less than $200,000.00 and Texas Penal Code Section 34.01 Money Laundering with a value of $100,000.00 or more but less than $200,000.00.

_____
Affiant

Sworn to and Subscribed before me on this the ⅃⅃ of November 2018.

_____
Magistrate
Harris County, Texas

# FILED
**Chris Daniel**
**District Clerk**

**NOV 13 2018**

Time:_____
Harris County, Texas
By_____
Deputy

# EXHIBIT C

THE STATE OF TEXAS                    §
SEARCH WARRANT
COUNTY OF HARRIS                      §

**TO THE SHERIFF, ANY PEACE OFFICER OR SPECIAL INVESTIGATOR OF HARRIS COUNTY, TEXAS**

**G R E E T I N G S:**

WHEREAS, I am a Magistrate in and for Harris County, Texas, and WHEREAS Bryan Vaclavik, a fraud examiner employed by the Harris County District Attorney's Office, hereafter called Affiant, came before me this day with a sworn affidavit (which is attached hereto and is specifically incorporated by reference for all purposes), requesting a warrant; and WHEREAS, I have made inquiry of the basis of said beliefs of the Affiant and find that; the affidavit sets forth substantial facts establishing that probable cause does exist for the issuance of a warrant, that the person, place or thing to be searched is not one which is prohibited nor beyond the authorization of this magistrate and that the search is requested upon proper grounds.

THEREFORE, YOU ARE COMMANDED to go straightaway to the offices of the Woodfill Law Firm, P.C., located at Three Riverway, Suite 750, Houston, Harris County, Texas 77056 for the purpose of searching for, seizing, and searching within when necessary, property constituting evidence used to commit the felony offenses of misapplication of fiduciary property, theft and money laundering as well as property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense. These implements, instruments, property and evidence alleged in the attached affidavit include but are not limited to:

1. Any and all financial, legal files, documents, records, books, ledgers and correspondence(s) containing the names of Amy Holsworth Castillo and Teresa L. Ribelin Cook;
2. Any and all documents and records pertaining to the transfer of currency via financial instruments, automatic clearing house (ACH) or wires of United States or foreign currency, funds for the above individuals identified in Item 1;
3. Any and all the computer hardware, software, and peripherals that are believed to potentially contain some or all of the items described in this warrant; computers, central processing units, computer disks, disk drives, monitors, computer printers, modems, digital cameras, any memory devices that work with a digital camera, scanners, computer photographs, and any electronic data storage device, including but not limited to flash memory devices, and other storage media; any input/output peripheral devices, including but not limited to data security devices and related documentation; any and all cellphones, telephones, communication devices that are capable of

storing pictures, video, text, caller identification devices and telephone recording equipment, **including the stored data of such devices** *for the purpose of conducting an on-site or off-site search of these computer materials by any qualified forensic facility for imaging and analysis by experts and to retain all such computer materials within the forensic facility*; and

4. Any logins and passwords for computers, software, file sharing access, telephones, communication devices owned by Jared Ryker Woodfill V and or the Woodfill Law Firm, P.C.

HEREIN FAIL NOT, as the peace officer to whom this warrant is delivered, you shall execute it without delay and within three whole days and due return make by faithfully completing the form attached hereto designated for said purpose.

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS.

SIGNED, ENTERED and ORDERED this the ___ day of November 2018, A.D., 2 ___, at ___ o'clock __.M., to attest to which I subscribe my name.

Judge, ___ District Court
Harris County Texas

_____
Printed Name

**F I L E D**
Chris Daniel
District Clerk

NOV 1 3 2018

Time:_____
Harris County, Texas
By_____
Deputy

# EXHIBIT D

THE STATE OF TEXAS                    §

COUNTY OF HARRIS                    §

                                     **RETURN**

The undersigned, being a peace officer under the laws of the State of Texas, certifies that the foregoing warrant came to hand on the day it was issued and that it was executed on the _12TH_ day of _November_ A.D., _2018_, by making ~~the arrest~~ SEIZED ITEMS directed therein and ~~arresting~~ SEIZING the following ~~person~~ ITEMS(s)

THE SEARCH WARRANT WAS EXECUTED AT 10:20AM ON NOVEMBER 12, 2018

THE FOLLOWING ITEMS WERE SEIZED.

Matthew Gray, HC010

**OFFICER EXECUTING**

PROCESS

DELL - DESKTOP - SER# 2896903 9261 - TAKEN FROM RECEP DESK OUTSIDE WOODFILL'S OFFICE CUBE #4

DELL - DESKTOP - SER#21132347617 - TAKEN FROM RECEP DESK OUTSIDE WOODFILL'S OFFICE - CUBE #4

DELL - DESKTOP - SER# 4600322749 - TAKEN FROM RECEP DESK OUTSIDE WOODFILL'S OFFICE - CUBE #4

DELL - TOWER - SER# D9D6HD1 - TAKEN FROM INNER OFFICE - #8

DELL - TOWER - SER# G9D6HD1 - TAKEN FROM INNER OFFICE - #8

DELL - TOWER - SER# BQDG1J1 - TAKEN FROM INNER OFFICE - #8

WESTERN DIGITAL - EXTERNAL HARD DRIVE - SER# WXE1E5SH2SV6 - TAKEN FROM INNER OFFICE #8 CENTER FILE CABINET

BOX OF CASE FILES FOR COOK & CASTILLO TAKEN FROM INNER OFFICE #8

BOX OF CASE FILES FOR COOK & CASTILLO TAKEN FROM WOODFILL'S OFFICE #7

BOXES OF CASE FILES TAKEN FROM INNER OFFICE OF COOK & CASTILLO FILES - OFFICE #3

. BOXES OF CASE FILES FOR COOK & CASTILLO TAKEN FROM RECEP DESK AREA OUTSIDE WOODFILL'S OFFICE #3 CUBE

119 BOXES OF CASE FILES FOR COOK & CASTILLO TAKEN FROM FILE ROOM

THE WOODFILL LAW OFFICE WAS RELEASED TO THE CARE, CONTROL & CUSTODY OF RYAN FINNEGAN AT 3:25PM ON NOVEMBER 12, 2018. DOB: 2-2-1989

# EXHIBIT E

**LOCAL // HOUSTON**

# Theft, money laundering allegations sparked raid at Woodfill law office

**Robert Downen** and **Lise Olsen**

Nov. 13, 2018  |  Updated: Nov. 13, 2018 8:54 p.m.



Police Investigator with the Harris County District Attorney's Office are shown loading files after serving a search warrant at the Woodfill Law Firm, 3 Riverway #750, Monday, Nov. 12, 2018, in Houston. The founding partner is Jared Woodfill.

Photo: Melissa Phillip, Staff photographer

Former Harris County Republican Party Chairman Jared Woodfill is being investigated on theft and money laundering allegations, accused of misappropriating funds of at least two of his law firm's clients, according to an affidavit by the Harris County District Attorney's office.

4/22/2019
Case 4:19-cv-01495   Document 1-1   Filed on 04/23/19 in TXSD   Page 23 of 53
Theft, money laundering allegations sparked raid at Woodfill law office - HoustonChronicle.com

Authorities on Monday seized 127 boxes of files, six computers and disk drives from the Houston high-rise office of the Woodfill Law Firm at Three Riverway, according to the returned search warrant filed in Harris County district court on Tuesday.

In his affidavit for the search warrant, which also targeted computer logins, passwords, memory devices, and telephones owned by Woodfill or the law firm, fraud examiner Bryan Vaclavik indicated authorities were seeking evidence used to commit felony offenses of misapplication of fiduciary property, theft and money laundering.

**Unlimited Digital Access for as little as 95¢ for 3 months.**

Read more articles like this by subscribing to the Houston Chronicle

SUBSCRIBE

No charges have been filed against anyone in connection with the ongoing investigation. The Harris County District Attorney's office declined comment on the investigation.

Investigators seized financial records, legal files, documents and correspondence on Monday related to two divorce cases handled by the firm, the search warrant documents show.

The ongoing investigation has nothing to do with Woodfill's party activities, his attorney Jimmy Ardoin told the Houston Chronicle Tuesday.

Woodfill was chairman of the county Republican Party for 12 years, before losing the post in 2014.

Ardoin said his client had no advance notice of the search and had no details about the allegations beyond the content of the search warrant.

Ardoin said he had been in contact with the district attorney's office about its review of finances in a divorce case for three to four months and was dismayed that Woodfill was not allowed to provide information voluntarily.

"We believe there's an accusation of misappropriation of client funds," Ardoin said. "We have yet to get confirmation of what it is."

The search warrant indicates the district attorney's investigation began in February 2017, after Woodfill's former client, Amy Holsworth Castillo, alleged that Woodfill's firm

misused funds from her divorce case. Castillo filed for divorce from her husband Juan Castillo in 2012 and hired Woodfill in December 2013, court records show.

Juan Castillo later had the divorce case moved to bankruptcy court in Texas' Southern District in part, he claimed, because of excessive legal fees. Woodfill's firm filed a motion accusing Juan Castillo of filing his bankruptcy case to skirt payments to his estranged wife, federal court records show.

At one point, Amy Holsworth Castillo's trust account had less than $650 in it, according to a fact-finding ruling in 2016, in which U.S. Bankruptcy Court Judge Jeff Bohm outlined a year's worth of transactions and "discrepancies" between bank statements and ledgers for the trust. Based on those records, Bohm concluded that Woodfill's firm had "taken funds from the (trust) account that have not yet been earned and, thus, several thousands of dollars have been unaccounted for."

He put the amount of unaccounted funds or overpayments to Woodfill's firm at more than $140,000.

Woodfill's firm disputed the findings and planned to appeal Bohm's finding, court records show.

Both Castillos later filed separate complaints against Woodfill with the State Bar of Texas. In September, the bar publicly reprimanded Woodfill and ordered him to pay $3,490 in attorneys' fees and direct expenses.

"Woodfill had direct supervisory authority over members of his firm who violated the disciplinary rules during the representation in a divorce," the State Bar of Texas wrote, "and Woodfill failed to take reasonable action."

The district attorney's office also cited a second complaint in the search warrant involving Woodfill's representation of a woman named Teresa Ribelin Cook, who hired the law firm in June 2013 to represent her in a divorce. The search warrant alleges Woodfill "had used more than $45,000 of Ribelin Cook's retainer for purposes not related to her case."

The warrant also cites an interview with a man identified as Woodfill's controller, Kenneth Kennedy, who is quoted claiming that Woodfill often moved money around between client accounts and his own bank accounts.

Richard Orlando Rodriguez, whose ex-wife also used Woodfill as her divorce attorney, has separately accused Woodfill of taking at least $300,000 from a trust account in a divorce case, according to a March 2017 complaint he filed with the Houston Police Department. That complaint is not mentioned in the search warrant.

*robert.downen@chron.com*

*lise.olsen@chron.com*

HEARST *newspapers*

©2019 Hearst





















BREAKING NEWS                                    BREAKING NEWS

Sources ID registered owner of plane that crashed near San Antonio, killing 6    I-45 South reopens following 3-car crash near Galveston

CLOS

Investigators raid Jared Woodfill's office

# Investigators raid office of Jared Woodfill, ex-Harris County GOP chairman

A judge signed a warrant Sunday night for Harris County district attorney investigators to search the law office of Jared Woodfill at 3 Riverway.

HOUSTON – Investigators raided the office of the former chairman of the Harris County Republican Pa Monday.

A judge signed a warrant Sunday night for Harris County district attorney investigators to search the la office of Jared Woodfill at 3 Riverway.

Investigators spent several hours searching the office. They also walked out with several boxes.

The DA's office did not say what they were looking for.

The Harris County District Attorney's Office is the only agency involved in this warrant.



 **Brett Buffington**
@BrettKHOU

The @HarrisCountyDAO says it is carrying out a search warrant at this high-rise office building off Woodway. The office the warrant is for, what they're investigating, or what documents investigators are collecting, well the DA isn't ready to talk about that. #khou11

16  4:35 PM - Nov 12, 2018 · Three Riverway

18 people are talking about this

**You May Like**

Sponsored Links by Ta

**Drivers who switch save an average of $669 on car insurance.**
Progressive

**This Famous Rock'n'roll Groupie Gave Birth to One of Today's Biggest Actresses**
DirectExpose

**30 Most Dangerous Bridges in the World**
Lifestyle A2Z

**7 Mistakes Everyone Makes When Hiring a Financial Advisor**
SmartAsset

**Feeling Old? Do This Once A Day And Watch What Happens**
LCR Health

**The Most Successful Attorneys In Houston. See The List**
Attorneys | Search Ads

**You're Probably Overpaying at Amazon – This Genius Trick Will Fix That**
Honey

**This Photo Has Not Been Edited, Look Closer**
Travelfuntu

**I Tried HelloFresh: Here's Why I'm Never Going Back**
Popdust for HelloFresh

**Top Surgeon: This One Thing Will Properly Flush Out Your Bowels**
Gundry MD



NEWS [HTTPS://WWW.CLICK2HOUSTON.COM/NEWS]

# Former Harris County GOP chairman's office raided

By **Phil Archer [https://www.click2houston.com/author/philarcher]** - Reporter, **Aaron Barker [https://www.click2houston.com/author/aaronbarker]** - Senior Digital Editor

Posted: 3:45 PM, November 12, 2018
Updated: 7:18 PM, November 12, 2018

**HOUSTON -** Investigators spent Monday searching the Galleria-area offices of attorney Jared Woodfill, the former chairman of the Harris County [https://www.click2houston.com/topic/Harris-County] Republican Party.

Authorities are at Woodfill's office on the seventh floor of 3 Riverway Place, where they are collecting and boxing files which are apparently evidence in an investigation.

### MORE HEADLINES

Man may be using master key to steal cash from ATMs, deputies say [/news/man-may-be-using-m...

Customers hold vigil for store clerk killed during attempt robbery in NW Houston [/news/clerk-sh...

Three people shot after leaving party in southeast Houston, police say [/news/three-people-shot-...

KPRC2 has learned the raid is connected to a divorce case the firm was handling.

Investigators with the Harris County District Attorney's Office have been there for several hours, accompanied by attorneys from the DA's office.

"I can only tell you they're executing a warrant signed by a judge," Dane Schiller, with the Harris County DA's Office, said.

Woodfill served as chairman of the county's GOP from 2002 to 2014. He was part of the conservative wing of the party.

Last September, Woodfill was sanctioned and fined by the State Bar of Texas and ordered to pay more than $3,500 in connection with a divorce case his firm was handling.

All efforts to reach Woodfill have been unsuccessful.

*Copyright 2018 by KPRC Click2Houston - All rights reserved.*

BREAKING NEWS  All 6 on board small plane killed in crash: DPS

# Police serve search warrant at office of prominent attorney Jared Woodfill

SHARE       TWEET       EMAIL

WATCH                                                                        LOG IN

00:04                                                                        00:55

EMBED <>    MORE VIDEOS

Harris County D.A.'s serves search warrant at office of high profile attorney Jared Woodfill.

By Shelley Childers

Monday, November 12th, 2018

HOUSTON, Texas (KTRK) -- The Harris County District Attorney's Office served a search warrant at the law offices of prominent attorney Jared Woodfill Monday afternoon.

Woodfill served as chairman of the Harris County Republican Party from 2002-2014.

Woodfill was the spokesman for Campaign for Houston, which opposed former Mayor Annise Parker's equal rights ordinance.

Investigators could be seen in Woodfill's office, sorting through stacks of files and binders.

The D.A.'s says they are combing through files, searching for information pertaining to one name.

As soon as we got word of police in Woodfill's office, our *13 Investigates* team dug into the case.

Our team obtained a police report filed in 2017 alleging Woodfill may have been stealing more than $300,000 from a divorce client's legal trust fund for personal use.

It's not clear if that police report is related to today's search warrant.

Woodfill has not been criminally charged in that or any other case.

Documents show Woodfill was reprimanded by the state bar two months ago for failure to take reasonable action in another divorce case.

The state bar, which oversees lawyers, ordered him to take classes in billing, trust accounts or law practice management.

All of that on top of two other civil cases in which opponents recently demanded Woodfill pay hundreds of thousands of dollars in unpaid fees.

*Follow Shelley Childers on Facebook and Twitter.*

**Report a correction or typo**

**RELATED TOPICS:**

houston

SHARE     TWEET     EMAIL

Copyright © 2019 KTRK-TV. All Rights Reserved.

# SPONSORED CONTENT







NEWS

# Law Enforcement Raids Office Of Jared Woodfill, Ex Harris County GOP Chairman

**The Houston Chronicle reports complaints against Woodfill accuse him of taking money from clients' trust accoun**

HPM DIGITAL TEAM / HOUSTON MATTERS | NOVEMBER 13, 2018, 11:46 AM (LAST UPDATED: NOVEMBER 13, 2018, 2:46 PM)



*Ed Mayberry/Houston Public Media*

This file photo shows Jared Woodfill, former chairman of the Harris County Republican Party, during a November 2015 interview.

Local law enforcement raided Monday the office of Jared Woodfill, former chairman of the Harris County Republican Party.

The Houston Chronicle reported there are two formal complaints against Woodfill accusing him of taking hundreds of thousands of d from clients' trust accounts.

Investigators spent hours searching the office and left with boxes of documents, according to news reports.

Lise Olsen, deputy investigations editor at the Chronicle, told Houston Matters that one of Woodfill's attorneys told the newspaper th "has nothing to do with his GOP role, his former GOP role, this has something to do with his law practice."

The Harris County Republican Party said in a statement that "Mr. Woodfill has had no role or involvement in the Harris County Repub Party since he since he was defeated and left office in 2014" and added the matter regarding the raid "is one for the criminal justice s and it would be inappropriate to comment on any pending investigation."

Back in September, the State Bar of Texas publicly reprimanded Woodfill because members of his law firm violated the Texas Disciplinary Rules of professional Conduct during the representation in a divorce case.

Woodfill was chairman of the county's Republican Party from 2002 until 2014.

Share



# EXHIBIT F

**HCDistrictclerk.com**     COOK, CHRISTOPHER MARK vs. COOK, TERESA      4/22/2019
LOUISE RIBELIN
Cause: 201141445     CDI: 7     Court: 309

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|------|------|-----------|----------|
| COOK, CHRISTOPHER MARK | PLAINTIFF - CIVIL | | HERNDON, MICHAEL LAWRENCE |
| COOK, TERESA LOUISE RIBELIN<br>3735 DEL MONTE DR, HOUSTON, TX 77019 | DEFENDANT - CIVIL | | |
| COOK, TERESA LOUISE RIBELIN | CROSS PLAINTIFF | | WOODFILL, JARED RYKER V |
| COOK, CHRISTOPHER MARK | CROSS DEFENDANT | | VAN NESS, JOHN E. |
| ANDERSON, JOAN<br>4550 POST OAK PLACE, 300, HOUSTON, TX 77027 | MENTAL HEALTH PROFESSIONAL | | |
| MOFFETT, JEDEDIAH | GUARDIAN AD LITEM | | |
| EIPC CAPITAL, INC (BY SERVING BUSINESS FILINGS INCORPORATED)<br>701 BRAZOS STREET STE, 720, AUSTIN, TX 78701 | REGISTERED AGENT | | CLARK, ROBERT SANDERS |
| PIONEER ROYALTY, INC (BY SERVING BUSINESS FILINGS INCORPORATED)<br>701 BRAZOS STREET STE, 720, AUSTIN, TX 78701 | REGISTERED AGENT | | CLARK, ROBERT SANDERS |
| CAPITAL GENERAL, INC (BY SERVING INC4YOU.COM)<br>701 N GREEN VALLEY PKWY, HENDERSON, NV 89074 | REGISTERED AGENT | | CLARK, ROBERT SANDERS |
| PEARL STATES, INC (BY SERVING INC4YOU.COM)<br>701 N GREEN VALLEY PKWY STE, 200, HENDERSON, NV 89074 | REGISTERED AGENT | | CLARK, ROBERT SANDERS |
| EXPLORATION FOREST HILLS, INC (BY SERVING BUSINESS INCORPORATION)<br>701 BRAZOS ST STE, 720, AUSTIN, TX 78701 | REGISTERED AGENT | | CLARK, ROBERT SANDERS |
| ANDRES, ROGER<br>2800 N HENDERSON AVE STE, 200, DALLAS, TX 75206 | DEFENDANT - CIVIL | | CLARK, ROBERT SANDERS |
| INDELICATO, JOSEPH JR. | MASTER IN CHANCERY | | |
| INFINITI PRODUCTION, INC | REGISTERED AGENT | | CLARK, ROBERT |

Office of Harris County District Clerk - Marilyn Burgess

SANDERS

| BLACK HAWK MANAGEMENT, INC | REGISTERED AGENT | |
|---|---|---|
| CAILEY VICTORIA ANDRES, INC | REGISTERED AGENT | |
| BLACK HAWK MANAGEMENT, INC. BY SERVING THE TEXAS SECRETARY OF STATE (C | REGISTERED AGENT | |
| BLACK HAWK MANAGEMENT, INC. BY SERVING THE TEXAS SECRETARY OF STATE ( | REGISTERED AGENT | |
| INFINITI PRODUCTION, INC. BY SERVING TEXAS SECRETARY OF STATE (JAMES F | REGISTERED AGENT | |
| INFINITI PRODUCTIONS, INC. BY SERVING TEXAS SECRETARY OF STATE (P O BO | REGISTERED AGENT | |
| CAILEY VICTORIA ANDRES, INC. BY SERVING TEXAS SECRETARY OF STATE (JAME | REGISTERED AGENT | |
| ANDRES, ROGER ("ANDRES") | CROSS PLAINTIFF | ILLMER, RICHARD A |
| COOK, TERESA LOUISE RIBELIN ("COOK") | CROSS DEFENDANT | WOODFILL, JARED RYKER V |

    3735 DEL MONTE, DR, HOUSTON, TX 77019

| DISCOVERY DATA INC BY SERVING IT'S AGENT JAMES A FONTANO BY SERVING | REGISTERED AGENT | CLARK, ROBERT SANDERS |
|---|---|---|

    601 S TENTH ST SUITE 201, LAS VEGAS, NY 89101

| MATRIX ENERGY CORP BY SERVING IT'S AGENT INCORP SERVICES BY SERVING | REGISTERED AGENT | CLARK, ROBERT SANDERS |
|---|---|---|

    2360 CORPORATE CIRCLE SUITE 400, HENDERSON, NV 89074-7739

| MOHAWK ENERGY INC BY SERVING IT'S AGENT JAMES A FONTANO BY SERVING | REGISTERED AGENT | CLARK, ROBERT SANDERS |
|---|---|---|

    601 S TENTH ST SUITE 201, LAS VEGAS, NV 89101

| HIRSCH, REGINALD A. | MASTER IN CHANCERY | |
|---|---|---|
| TAG-FT MANAGEMENT LLC (MAYBE SERVED THROUGH IT'S REGISTERED | DEFENDANT - CIVIL | |

    5429 DEL ROY DRIVE, DALLAS, TX 75229

# INACTIVE PARTIES

No inactive parties found.

**Harris County Docket Sheet**

# 2011-41445

**COURT:** 309th

**FILED DATE:** 7/13/2011

**CASE TYPE:** WAIVER DIVORCE W/CHILDREN



---

### COOK, CHRISTOPHER MARK

**Attorney: HERNDON, MICHAEL LAWRENCE**

### vs.

### COOK, TERESA LOUISE RIBELIN

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |
| 11/14/2011 | SBATX - ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD |
| 12/12/2011 | SBATX - ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD |
| 3/21/2012 | APRX - ORDER SIGNED GRANTING AGREEMENT PER RULE 11 |
| 5/18/2012 | PROCX - ORDER SIGNED GRNTNG PROTECTION |
| 6/12/2012 | PROCX - ORDER SIGNED GRNTNG PROTECTION |
| 7/19/2012 | APRX - ORDER SIGNED GRANTING AGREEMENT PER RULE 11 |
| 7/19/2012 | PSXMX - ORDER SIGNED GRANTING PSYCHIATRIC EXAMINATION |
| 8/1/2012 | APRX - ORDER SIGNED GRANTING AGREEMENT PER RULE 11 |
| 8/2/2012 | APRX - ORDER SIGNED GRANTING AGREEMENT PER RULE 11 |
| 8/7/2012 | AMGAX - ORDER APPOINTING AMICUS ATTORNEY GUARDIAN AD LITEM |
| 8/27/2012 | PROCX - ORDER SIGNED GRNTNG PROTECTION |
| 10/15/2012 | APRX - ORDER SIGNED GRANTING AGREEMENT PER RULE 11 |
| 7/1/2013 | SBATX - ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD |
| 7/1/2013 | SBATX - ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD |
| 7/2/2013 | SBATX - ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD |
| 7/2/2013 | SBATX - ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD |
| 8/2/2013 | TRANX - ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED |
| 10/28/2013 | 171X - MASTER IN CHANCERY APPOINTED |
| 12/5/2013 | PROCX - ORDER SIGNED GRNTNG PROTECTION |
| 3/12/2014 | Continuance for summary judgment granted.  Attorney to reset depositions and get new setting for summary judgment. |

# EXHIBIT G



# STATE BAR of TEXAS



## MR. JOHN LAMAR BREWER

### Eligible to Practice in Texas

### HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE

*Bar Card Number:* 00783722
*TX License Date:* 11/06/1992

*Primary Practice Location:* Houston , Texas

*500 Jefferson St Ste 600*
*Houston, TX 77002-7368*

*Practice Areas:* Criminal, Juvenile

### CONTACT INFORMATION

Tel: 713-274-5800 📞

---

*Statutory Profile Last Certified On:* 02/04/2019

### PRACTICE INFORMATION

*Firm:* Harris County District Attorney's Office

*Firm Size:* Over 200

*Occupation:* Government Lawyer

*Practice Areas: Criminal, Juvenile*

*Services Provided:*
Hearing impaired translation: Not Specified
ADA-accessible client service: Not Specified
Language translation: Not Specified

*Fee Options Provided:* ❓
None Reported By Attorney

### COURTS OF ADMITTANCE

*Federal:*
None Reported By Attorney

*Other Courts:*
None Reported By Attorney

*Other States Licensed:*
None Reported By Attorney

*Please note:* *This information is self-reported by Texas attorneys. Current license or admittance status can only be certified by the appropriate court or licensing entity.*

*Please note:* *Not all payment options are available for all cases, and any payment arrangement must be agreed upon by the attorney and his/her client. The State Bar of Texas is not responsible for payment arrangements between the attorney and his/her client.*

*Foreign Language Assistance:*

Persian/Farsi, Chinese, French, German, Italian, Spanish, Vietnamese, Arabic, Korean

## LAW SCHOOL

*School*
*Degree earned*

University of Houston
*Graduation Date*   11/1991

## PUBLIC DISCIPLINARY HISTORY

### State of Texas
No Public Disciplinary History

### Other States
None Reported By Attorney

Sanctions that indicate a judgment is on appeal are still in effect but are not final and subject to change. To request a copy of a disciplinary judgment that is not available online or for more information about a specific disciplinary sanction listed above, please contact the Office of the chief Disciplinary Counsel at (877) 953-5535.

The Texas Attorney Profile provides basic information about Attorneys licensed to practice in Texas. Attorney profile information is provided as a public service by the State Bar of Texas as outlined in Section 81.115 of the Texas Government Code. The information contained herein is provided "as is" with no warranty of any kind, express or implied. Neither the State Bar of Texas, nor its Board of Directors, nor any employee thereof may be held responsible for the accuracy of the data. Much of the information has been provided by the attorney and is required to be reviewed and updated by the attorney annually. The information noted with an asterisk (*) is provided by the State Bar of Texas. Access to this site is authorized for public use only. Any unauthorized use of this system is subject to both civil and criminal penalties. This does not constitute a certified lawyer referral service.

# EXHIBIT H





## MS. KIMBRA KATHRYN 'KIM' OGG

**Eligible to Practice in Texas**

### HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE

*Bar Card Number:* 15230200
*TX License Date:* 05/08/1987

*Primary Practice Location:* Houston , Texas

*1201 Franklin St Ste 600*
*Houston, TX 77002-1930*

**CONTACT INFORMATION**

Tel: 713-274-5800  📞

*Practice Areas:* Criminal, Government/Administrative

*Statutory Profile Last Certified On:* 05/03/2018

### PRACTICE INFORMATION

*Firm:* Harris County District Attorney's Office

*Firm Size:* Over 200

*Occupation:* Government Lawyer

*Practice Areas: Criminal, Government/Administrative*

*Services Provided:*
Hearing impaired translation: Not Specified
ADA-accessible client service: Not Specified
Language translation: Not Specified

*Fee Options Provided:* ❓
None Reported By Attorney

*Please note:* Not all payment options are available for all cases, and any payment arrangement must be agreed upon by the attorney and his/her client. The State Bar of Texas is not responsible for payment arrangements between an attorney and his/her client.



*Criminal Law*

### COURTS OF ADMITTANCE

*Federal:*
Fifth Circuit Court of Appeals
Texas Southern District/Bankruptcy Court
Texas Western District Court

*Other Courts:*
None Reported By Attorney

*Other States Licensed:*
None Reported By Attorney

*Foreign Language Assistance:*
None Reported By Attorney

*Please note: This information is self-reported by Texas attorneys. Current license or admittance status can only be certified by the appropriate court or licensing entity.*

## LAW SCHOOL

*School*
*Degree earned*

South Texas College of Law
*Graduation Date*     12/1986

## PUBLIC DISCIPLINARY HISTORY

**State of Texas**
No Public Disciplinary History

**Other States**
None Reported By Attorney

Sanctions that indicate a judgment is on appeal are still in effect but are not final and subject to change. To request a copy of a disciplinary judgment that is not available online or for more information about a specific disciplinary sanction listed above, please contact the Office of the chief Disciplinary Counsel at (877) 953-5535.

The Texas Attorney Profile provides basic information about Attorneys licensed to practice in Texas. Attorney profile information is provided as a public service by the State Bar of Texas as outlined in Section 81.115 of the Texas Government Code. The information contained herein is provided "as is" with no warranty of any kind, express or implied. Neither the State Bar of Texas, nor its Board of Directors, nor any employee thereof may be held responsible for the accuracy of the data. Much of the information has been provided by the attorney and is required to be reviewed and updated by the attorney annually. The information noted with an asterisk (*) is provided by the State Bar of Texas. Access to this site is authorized for public use only. Any unauthorized use of this system is subject to both civil and criminal penalties. This does not constitute a certified lawyer referral service.