UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA L. RIBELIN COOK | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-01495 |
| | § | |
| HARRIS COUNTY; KIM OGG, HARRIS | § | |
| COUNTY DISTRICT ATTORNEY; JOHN | § | |
| BREWER; AND BRYAN VACLAVIK, | § | |
| | § | |
| DEFENDANTS. | § | JURY DEMAND |

## TEMPORARY RESTRAINING ORDER

The Court considered Teresa L. Ribelin Cook's ("**T. Cook**") Verified Original Complaint, Request for Declaratory Judgment, and Request for Injunctive Relief against Defendants Harris County, Kim Ogg, Harris County District Clerk, John Brewer and Bryan Vaclavik (collectively, the "**Defendants**"), and after considering the pleadings, the affidavits, any responses thereto, and the arguments of counsel, if any, the Court makes the following findings:

1. The Court finds that T. Cook will suffer and is suffering irreparable injury by the Defendants' retention of T. Cook's Legal Files.

2. The Court finds that this harm is irreparable because it cannot be undone by a money judgment. T. Cook is entitled to injunctive relief because the T. Cook Legal Files constitute T. Cook's personal property and T. Cook has a subjective and objective right to privacy in the T. Cook Legal Files. Further, the Defendants' seizure of the T. Cook Legal Files is depriving T. Cook of access to the divorce court and preventing her from protecting or defending her ongoing divorce action.

1

2

3. This harm to T. Cook is imminent because the risk of damage to T. Cook is increased by T. Cook and her counsel's access to the T. Cook Legal Files.

4. The Court finds that unless T. Cook's Request for Injunctive Relief is granted, T. Cook will be without an adequate remedy at law because a remedy essential for T. Cook is the possession of the T. Cook Legal Files and the preservation of her constitutional right of privacy and property and the preservation of her evidentiary privileges.

5. The Court finds that T. Cook has demonstrated a substantial likelihood of success on the merits of her Complaint. The Defendants have no legitimate interest in or to the T. Cook Legal Files.

6. The Court finds that any harm to the Defendants as a result of this Temporary Restraining Order is outweighed by the harm faced by T. Cook if this Order is not issued.

7. The Court finds that T. Cook's Request for Injunctive Relief should be GRANTED. It is therefore

ORDERED that Defendants and their principals, agents, employees, and anyone acting for or in concert with them are enjoined from:

    a. reviewing any of T. Cook's Legal Files;

    b. sharing T. Cook's Legal Files with others;

    c. copying or in any way duplicating any of T. Cook's Legal Files;

    d. making any alterations to T. Cook's Legal Files; and

    e. removing, destroying or losing any of T. Cook's Legal Files.

It is further

ORDERED that the Defendants shall immediately:

a. notify T. Cook of where T. Cook's Legal Files have been and where they presently are stored;

b. identify to T. Cook everyone who has had access to other who may have reviewed T. Cook's Legal Files since November 12, 2018 to present; and

c. immediately deliver to T. Cook, at Defendants' sole cost and expense, the entire T. Cook Legal Files, together with all copies or duplication (paper, electronic or otherwise) of the T. Cook Legal Files.

It is further

ORDERED that this Temporary Restraining Order is effective immediately and expires on _____, 2019, which is fourteen (14) days after the filing of the required bond. It is further

ORDERED that a hearing on the preliminary injunction will take place on _____, 2019 in the District Court for the Southern District of Texas, Courtroom 400, at 515 Rusk, Houston, Texas 77002, at _____ ____.m., which is the earliest practicable time at which the hearing can take place. It is further

ORDERED that T. Cook shall post a bond of $_____ and 00/100. Bond may be posted by attorney's check.

The Clerk of this Court is hereby directed to issue a Show Cause Order to Defendants to appear at the preliminary injunction hearing.

Upon the posting of the required bond by T. Cook, the Clerk of this Court shall issue, file, and record a Temporary Restraining Order in conformity with the law and the terms of this Order.

4

Service of the Temporary Restraining Order through a private process server will be considered valid service.

SIGNED this _____ day of _____, 2019, at _____ ____.m.

_____
UNITED STATES DISTRICT JUDGE

4