UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TERESA L. RIBELIN COOK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-1495 |
| | § | |
| **HARRIS COUNTY,** *et al*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM & ORDER

On April 29, 2019, Defendants filed a motion requesting that the Court abstain under *Younger* and dismiss Plaintiff's application for an injunction ordering the return of her client file. (Doc. No. 7.) Plaintiff believes that *Younger* abstention should not apply here, where the target of the criminal investigation is a third party, that third party has not yet been charged, and Plaintiff is not asking to enjoin the prosecution against that third party, only for the return of her files. (Doc. No. 9.)

"There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an 'ongoing state judicial proceeding,' (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges." *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). If these criteria are met, abstention is required unless "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived." *Id.*

1

## I. **Ongoing State Proceeding**

Federal courts deciding whether the abstain under *Younger* focus on whether the federal proceeding would interfere (either directly or indirectly) with the state proceeding. Potential interference is judged based on the "relief requested and the effect it would have on the state proceedings." *Bice v. La. Pub. Defender Bd.¸* 677 F.3d 712, 717 (5th Cir. Apr. 16, 2012). "Interference is established whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Id.* (internal quotation marks omitted).

The first question is whether the criminal investigation against Mr. Woodfill can be considered an "ongoing state proceeding," when he has not yet been charged. The quintessential *Younger* abstention scenario involves a request for a federal court to enjoin a state prosecution of the federal plaintiff.

The Fifth Circuit has held that events prior to the formal commencement of criminal proceedings (a charge or indictment) may qualify as ongoing state proceedings. For example, in *Texas Association of Business*, the Fifth Circuit found that state grand jury proceedings qualified as ongoing state proceedings. 388 F.3d at 519-21. In so doing, the court emphasized that while *Younger* applies to some administrative and civil proceedings, "[i]t is the criminal law arena where the federal courts' deference to state courts has been most pronounced." *Id.* at 520. The court noted that the functions of grand jury proceedings "pertain directly to the enforcement of the state's criminal laws." *Id.*

*Texas Association of Business* suggests that formal charges do not need to be filed for abstention under *Younger* to be appropriate. *See also Nobby Lobby, Inc. v. City of Dallas*, 767 F. Supp. 801, 805–06 (N.D. Tex. 1991), *aff'd,* 970 F.2d 82 (5th Cir. 1992) ("[T]he *Younger* doctrine

may apply even where the federal complaint is brought before state criminal charges are filed.").

The second question is whether the "ongoing state proceeding" must be against the federal plaintiff. The Supreme Court has held that *Younger* abstention may be appropriate where the investigation is not into the federal § 1983 plaintiff. *Hicks v. Miranda*, 422 U.S. 332, 348–49 (1975) (internal citations omitted) ("Plainly, '(t)he same comity considerations apply,' where the interference is sought by some, such as appellees, not parties to the state case."); *see also Nobby Lobby*, 767 F. Supp. at 805-806. Under *Hicks*, the fact that the criminal investigation is directed not at Plaintiff but at Mr. Woodfill is not a barrier to abstention.

In terms of the level of interference with the state proceeding, the relief requested by Plaintiff would withhold from the Houston police some amount of relevant evidence of Mr. Woodfill's alleged financial crimes against his clients. In *Texas Association of Business*, the plaintiffs were requesting "an injunction against the enforcement of subpoenas issued by the grand jury, an order enjoining the entire grand jury investigation, and a judgment declaring that TAB's conduct during the 2002 campaign season constitutes expression protected by the First Amendment guarantees of free speech and free association." 388 F.3d at 517. In *Hicks v. Miranda*, the plaintiffs requested "an injunction against the enforcement of the California obscenity statute, . . . judgment declaring the obscenity statute unconstitutional, and . . . an injunction ordering the return of all copies of the film, but permitting one of the films to be duplicated before its return." 422 U.S. at 337–38. In both of these cases, the relief requested would undoubtedly interfere with the state proceeding, because it would enjoin it completely. The case before the Court now would not result in an injunction against the state proceeding, but would only limit the evidence available to prosecutors and police.

However, other courts have indicated that a total halt to state proceedings is not required

3

for abstention. *See e.g.*, *Ballard v. Wilson*, 856 F.2d 1568, 1570 (5th Cir. 1988) ("Although Ballard confines his request for relief to future prosecutions, we cannot ignore the fact that any injunction or declaratory judgment issued by a federal court would affect the course and outcome of the pending state proceedings." (internal citations omitted)); *Dorward v. Ramirez*, 2009 WL 2777880, at *7 (N.D. Tex. Aug. 28, 2009) ("It is well settled that the *Younger* abstention doctrine is fully applicable even where federal intervention would not bring the proceeding to a halt." (internal quotation marks omitted) (citing *Price v. Porter,* 2009 WL 1210509, at *3 (W.D.La. May 1, 2009))).

The Fifth Circuit's decision in *DeSpain v. Johnston* is particularly instructive here. In *DeSpain*, the plaintiffs were the subjects of a child protective services investigation. 731 F.2d 1171 (5th Cir. 1984). The state agency received a state court ex parte order directing the DeSpains to cooperate with the investigation. The DeSpains subsequently filed in federal court requesting an order "enjoining the enforcement of the state court order requiring the DeSpains to cooperate with the state investigation." *Id.* at 1175. The Fifth Circuit held that the district court was required to abstain under *Younger.*

> State court jurisdiction was invoked when [the state agency] filed a request for an ex parte order to cooperate. At this time, a state proceeding was pending for purposes of assessing the propriety of federal abstention. Once invoked, the state court's jurisdiction is held "to the exclusion of [a court of the United States] until its duty is fully performed and the jurisdiction invoked is exhausted". The DeSpains' failure to avail themselves of the state courts to contest the ex parte order should not give them access to federal court to obtain temporary injunctive relief. The state court proceeding was "pending" within the meaning of *Younger* when the request for the ex parte order was filed, and it remained

> "pending" until the appellate proceedings were exhausted. Because the *Younger* doctrine counsels that the federal action be *dismissed* when a state proceeding is pending, the district court erred in issuing the temporary restraining order awaiting the outcome of the state court proceeding.

*Id.* at 1179.

The facts in *DeSpain* are analogous to those before the Court in important respects. The ex parte order that invoked state court jurisdiction in *DeSpain* is similar to the search warrant issued by the state judge in our case. Under Texas law, the state court judge that issued the warrant is entitled to preside over disputes related to the warrant. Tex. Code Crim. Proc. Ann. art. 18.12. Further, the instant case is even more squarely within *Younger*'s scope, because it is criminal instead of civil. The Court finds that there is an "ongoing state proceeding" with which the relief sought in this case would interfere.

## II. Important State Interest

Plaintiff does not dispute that the state's interest in investigating Mr. Woodfill's alleged misdeeds is weighty.

## III. Adequate Opportunity in State Proceedings

There is a remedy available to Plaintiff in state court. Texas law gives the judge who issued a search warrant exclusive jurisdiction over later challenges to that warrant. Tex. Code Crim. Proc. Ann. art. 18.12. The critical question is whether this is type of proceeding presents an "adequate opportunity" to raise Plaintiff's claims.

The Supreme Court has stated that "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will

afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

It appears that these circumstances would fall within the situation described by the Court in *Pennzoil.* Plaintiff apparently has not attempted to present her claims in state court through the mechanism established by Article 18.12. There is a pending state court proceeding seeking a temporary restraining order ("TRO"), but it was not brought before the judge who issued the search warrant. The application for TRO will likely be denied under *In re Cornyn*, which held that another state court cannot issue a TRO relating to a search warrant, because all proceedings related to that warrant must be brought under Article 18.12. 27 S.W.3d 327, 334 (Tex. Ct. App. 2000). Until Plaintiff has tried and failed to bring the state-court proceeding, the Court must assume that the state procedure affords her an "adequate remedy."

## IV. Conclusion

The Court finds that there is (1) an ongoing state proceeding, (2) an important state interest, and (3) an adequate opportunity to raise the claim in the state proceedings. The Court will abstain under *Younger*.

Defendants' Motion to Dismiss is **GRANTED**. (Doc. No. 7.) The case is **DISMISSED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, this the 23rd day of May, 2019.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE